UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

SALEEEM AHMAD, RASHID ABDULLAH, NASEER
AHMED, MOHAMMAD HASAN, SYED KAZMI,
MUHAMMED RAHMAN, SYED RAZA and HAIDER
SYED,

                                    Plaintiffs,

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION; EBONÉ CARRINGTON, Chief
Executive Officer of Harlem Hospital Center, in her
individual and official capacities; HINNAH FAROOQI,
Associate Executive Director of New York City Health and
Hospitals Corporation, in her individual and official
capacities,

                                    Defendants.

**STIPULATION AND
PROTECTIVE ORDER**

20 Civ. 00675 (PAE)

------------------------------------------------------------------ X

        **WHEREAS**, Plaintiffs have sought certain documents and information from defendants in discovery in this action, which defendants deem to be confidential ("Confidential Material"); and

        **WHEREAS**, Defendants object to the production of those documents and information unless appropriate protection for their confidentiality is assured;

        **IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

        1.    As used herein the term "Confidential Materials" shall be defined as all documents or information concerning current of former employees of Defendant New York City Health + Hospitals Corporation ("H+H"), including but not limited to personnel files, disciplinary records, time and attendance records, medical information, investigations, Office of Equal

Employment Opportunity files, and any other documents containing personal information, which are so designated by the party producing the documents.

2. Neither Plaintiffs nor their attorneys shall use Confidential Materials for any purpose other than for the preparation or presentation of their case in this action and/or any appeal thereof.

3. Neither Plaintiffs nor their attorneys shall disclose the Confidential Materials to any person except under the following conditions:

(a) Disclosure may be made only if necessary to the preparation or presentation of Plaintiffs' case in this action.

(b) Disclosure before trial may be made only to an expert who has been retained or specially employed by Plaintiffs in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

(c) Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), Plaintiffs shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the receiving party and a copy shall be furnished to the disclosing party attorneys upon their request.

4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony,

together with any exhibits which contain Confidential Materials referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper which incorporates Confidential Materials or reveals the contents thereof is filed in this Court, the parties hereto may apply to the Court to seal those portions of the papers. Upon obtaining leave of the Court to file documents under seal, the Confidential Materials will be filed in accordance with the Court's procedures for E-filing sealed documents in civil cases.

6. However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

7. Within 60 days of the final disposition of this action, including all appeals, the Parties shall make reasonable effort to ensure that all Confidential Materials are returned to the respective producing party or destroyed by the recipients. Notwithstanding the foregoing, a party's counsel may retain Confidential Materials that (i) constitute attorney work product, (ii) were filed with the Court and/or marked as trial exhibits; or (iii) constitute deposition transcripts and exhibits, if such counsel otherwise complies with the provisions of this Order with respect to such retained Confidential Materials. Further, counsel for the Parties may retain a complete file of all documents created, filed, produced, or disclosed in this action for archival purposes. Any such archival copies that contain or constitute Confidential Materials remain subject to this Order. Nothing in this Stipulation and Protective Order shall be construed to limit the Parties use of their own

Confidential Materials in any manner; nor shall it be construed to limit the Parties' right to make redactions consistent with the Federal Rules of Civil Procedure and provide a privilege log.

8. Nothing in this Stipulation and Protective Order shall be construed to preclude any party from seeking, either by Stipulation or by Order of the Court, the protection of this Order for other materials reasonably deemed to be "Confidential Materials."

[Remainder of Page Intentionally Left Blank]

9. A facsimile or electronic signature on this Stipulation and Protective Order shall have the same effect as an original signature.

Dated: New York, New York
March 10, 2022

**BELDOCK, LEVINE, & HOFFMAN LLP**
Attorney for Plaintiffs
99 Park Avenue, PH/26th Floor
New York, New York 10016
Tel: (212) 277-5816
Email: ldroubi@blhny.com

By: _____
Luna Droubi

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, 2nd Floor
New York, New York 10007
Tel: (212) 356-1104
Email: abalog@law.nyc.gov

By: _____
Aliza J. Balog
Assistant Corporation Counsel

**SO ORDERED:**

Dated: 3/14/2022
New York, New York

_____
Hon. Paul A. Engelmayer
United States District Judge